# H. T. LEMMON ET AL. v. B. R. DUNN ET AL.

1. CHANCERY PRACTICE. *Parties. Deed of trust.*
A grantor in two deeds of trust claimed to cover the same land is a necessary party to a bill by the beneficiary in the junior deed to enjoin enforcement of the senior one, upon the ground of misdescription.

2. SAME. *Cross-bill. Objections as to parties.*
A chancery court will not require an unnecessary party to be introduced to enable the defendant to file a cross-bill, nor proceed to decree without a necessary party because no objection is properly made.

APPEAL from the Chancery Court of De Soto County.
HON. J. G. HALL, Chancellor.

The appellants filed a bill to enjoin the execution of the deed of trust for insufficient description as stated in the opinion, and the appellees pleaded that the grantor in the two deeds was a necessary party, because they were entitled to have their trust deed reformed so as to perfect the description of the land. This plea was set down for argument on its sufficiency, and the Chancellor held that it was sufficient in law and ordered the complainants either to amend their bill by making J. W. Fowler a party, or to reply to the plea, and in default of both courses during the term that the bill was dismissed. The complainants declined to do either, but in order to settle the principles of the case, prayed an appeal, which was granted.

*White & Morgan,* for the appellants.

The fact set up in the plea, if considered by the court, entitles the defendants to no relief affecting that prayed for in the bill. The mortgagor is not a necessary party to the suit, in order to enjoin the trustee's sale under the prior deed, for misdescription. Reformation of the writing upon the ground of mistake is matter for an original bill. A new party cannot be forced into the complainants' bill in order that the defendants may introduce this subject by cross-bill. New parties and new subjects of litigation cannot be injected into a chancery case by plea, any more than by cross-bill, for the rule is based on principle. No new party can

ever be forced in unless he is necessary to make the defense or share the burden with the defendant. *Ladner* v. *Ogden*, 31 Miss. 332. The plea states nothing on which issue can be taken, and for this reason it is bad. But how can the injunction of the sale affect this grantor in the trust deed? His title is not sought to be divested by the decree. This void trust deed should not be enforced, and the trustee can be enjoined without affecting either the grantor's title or the right of the beneficiary to reform the instrument.

*Powel & Buchanan*, for the appellees.

All persons materially interested in the subject of controversy are necessary parties to a bill in equity in order that the determination may be complete and may quiet the question. Story Eq. Pl., § 76. The complainant has no option in this matter; but while he may omit proper parties, he must introduce all necessary parties, that is, all whose interests in the subject-matter of the litigation will be affected by the decree. *Taylor* v. *Webb*, 54 Miss. 36. It cannot be maintained that the equity of redemption is not an interest. A mortgagor is a necessary party to a bill to foreclose. Jones on Mortgages, §§ 1402, 1406. The principle applied to this case renders the conclusion inevitable that Fowler is a necessary party to the bill. Will the court perpetually enjoin the trustee's sale without affecting the person who empowered him and is to receive the balance of the proceeds of sale after payment of a debt? Decrees affecting the property cannot be made in the absence of its owner.

CAMPBELL, C. J., delivered the opinion of the court.

The question in dispute is whether J. W. Fowler is a necessary party to the suit, without whom a decree cannot be made. It is true, as counsel for appellants contend, that the court will not require a party to be brought into the suit merely to enable the defendant to exhibit a cross-bill against him, but if a necessary party is omitted the court will decline to proceed until he is joined as a party to the suit.

This is a bill by the trustee and beneficiaries in a junior deed of trust to enjoin the trustee in a senior deed of trust from selling

land by virtue of the power conferred by it, on the allegation that the senior deed is void for an insufficient description of the land. The trustee and beneficiary in the senior deed are made defendants. The grantor in both the deeds of trust (Fowler) is not a party to the suit, and the court declined to proceed without making him a party. This was right. It is by virtue of a deed of trust alleged to have been executed by Fowler that complainants assert a right to relief, and the relief sought is against a sale by the trustee under a deed of trust executed by him. He has an interest in the subject-matter and object of the suit, and although the only relief sought is to prevent a sale by the trustee under the senior incumbrance, all parties in interest should be brought before the court, with a view to a settlement of all controversy in this suit. The object of the bill is to arrest the execution of the power of sale by the agent of the grantor without giving that grantor an opportunity to contest the matter. This is not allowable.

We pretermit any expression of opinion on the manner in which the question of the necessity of making Fowler a party was presented, since he is so necessary a party that, even at the hearing, the court might refuse to proceed with the cause until he was made a party.

*Decree affirmed.*