NELSON T. BURROUGHS *v.* LEVIN H. JONES ET AL.

CHANCERY COURT. *Practice. Parties. Vendor and vendee. Deed of trust. Injunction.*

A purchaser who enters upon and improves land under a contract to convey, in writing, whereby the vendor is authorized to declare the same annulled on his failure to comply with certain stipulations expressed therein, is a necessary party to a bill to enjoin a sale under his deed of trust on the land during the pendency of his proceeding against the vendor for specific performance, the injunction suit involving an adjudication of his rights under the contract.

ON SUGGESTION OF ERROR.

2. SUPREME COURT. *Practice. Dismissal of bill. Parties.*

When a cause has been tried in the lower court on the merits, without suggestion of a want of necessary parties, the decree of that court dismissing the bill of complaint will not be affirmed because of such defect. The proper practice is to reverse the decree and remand the cause for appropriate amendment by the complainant and dismissal of the bill in default thereof.

HON. A. McC. KIMBROUGH, Chancellor.

FROM the chancery court of Sunflower county.

The appellant, Burroughs, was complainant, and the appellees, Jones and another, were defendants in the court below.

The opinion states the case.

*Johnson & Chapman,* for appellant.

We do not think it can be seriously urged that our injunction should be dissolved and our bill dismissed because A. C. Craig is not made a party defendant to this bill. According to its

allegations, Craig has no interest whatever in this suit. The contract between him and complainant, his only muniment of title, has been canceled and declared void, and all his interest in the land thereby divested out of him and reinvested in the appellant, N. T. Burroughs. No relief is sought against Craig. It does not appear from the proof that he has any interest in this controversy. The complainant has no interest in the adjustment of accounts between Craig and the defendants. It would not be proper to bring him into this case for this purpose. Craig is asserting no claim against us; we are making no demand upon him. Though shown by the record to be living and accessible, he is not introduced as a witness to contradict any of the allegations of the bill, any of the statements in the deposition of Roy C. Burroughs, nor to sustain any allegation in the answer of defendants. He is not a necessary or proper party to this suit.

The agreed facts in the record, agreed upon as facts subject to the objection for relevancy, that Craig, in January, 1900, made a tender of the purchase money for this land, which was refused by Burroughs, and on March 21 thereafter filed his bill for " specific performance of this contract " in the chancery court of Sunflower county, bear too late a date to be of any importance in this suit. This suit was commenced July 8, 1899, and the sale enjoined was to have taken place on the thirteenth day of the same month. Most assuredly a tender of payment six months after bill filed cannot be considered in passing upon the rights of the parties.

In executing this trust deed, Craig could convey only such rights as he acquired under his contract with N. T. Burroughs, and only such rights as under his stipulations with Burroughs he had a right to convey. In other words, the contract between Craig and Burroughs is the measure of the rights of these defendants under this trust deed. A conveyance or assignment by Craig, not indorsed on the contract or attached thereto, can only operate to substitute third parties to the rights of Craig.

We do not deny that such a transfer or conveyance may, in equity, as between Craig and his grantees, give them such rights as he may have, but these rights come through Craig and not directly from Burroughs to Craig's grantees. Without the consent of Burroughs or strict compliance with the terms of the agreement, Craig cannot step out of the contract and give his place to another.

In the present case there is no assignment of the premises indorsed or attached to the contract. The appellees have no rights except through Craig. While we concede that they have acquired all Craig had under the agreement, they have acquired these rights of Craig subject to all the stipulations and conditions of the agreement under which Craig held. They are hampered by all of Craig's failures and delinquencies in complying with his part of the agreement. A forfeiture by Craig of his rights under this instrument deprives appellees of all interest in the land.

We have already seen that Craig, at the date of this attempted sale, had lost all rights in this property by the cancellation of the agreement, according to its terms. By this sale now sought to be made no interest in this land can pass. All that it would accomplish would be to cast a further cloud on complainant's title, bring other parties into the controversy and necessitate further proceedings in the courts to clear complainant's title.

*Baker & Moody,* for appellees.

We desire to call the court's attention to the fact that A. C. Craig was not made a party to this suit, and submit that the failure so to do has debarred the appellant of the relief sought. Whatever interest the appellees have in the land in controversy, by reason of the execution of the deed of trust by A. C. Craig, is derived through Craig, and appellants ask a cancellation of this deed of trust, and enjoining a sale thereunder, because, as they insist, Craig has no title or interest in the land. The

court will bear in mind that, as Craig is not made a party to this suit, no decree which this court or the court below might render herein would in anywise affect his rights under the contract into which he and appellants had entered. If this court should hold that the contract into which appellant and Craig had entered had been canceled, and that Craig had no rights thereunder, and should so decree, such a decree would not in anywise affect Craig's rights.

The record in this suit also shows that Craig has tendered the amount due under the contract to appellant and demanded a deed to the land in controversy, and that, upon the failure of appellant to execute such a deed, has filed suit in the chancery court of Sunflower county for a specific performance of the contract, which suit is now pending. As above stated, whatever rights the appellees have are derived through A. C. Craig, and it would be inequitable and unjust to decree away their rights until Craig's rights in the premises have been adjudicated.

Let us submit this hypothetical case: Suppose that the court below had entered up a decree perpetually enjoining the sale under and canceling the deed of trust executed by A. C. Craig to appellees. Suppose, further, that afterwards the suit filed by Craig which is now pending should come on for final hearing and the court should hold that Craig was entitled to a decree for the specific performance of the contract in controversy. It is unnecessary to state the great injustice which would be done the appellees. The effect of it would be that Craig would obtain title to the land in controversy, and, notwithstanding he had given appellees a deed of trust thereon, it would be of no benefit to them, inasmuch as it would be canceled and they perpetually enjoined from a sale under it. In other words, the only effect of such a decree would be to free Craig's title from the deed of trust which he had formerly executed to appellees.

TERRAL, J. delivered the opinion of the court.

Nelson T. Burroughs filed his bill in the chancery court of

Sunflower county against L. H. Jones and A. C. Leigh to enjoin a sale under a trust deed of the west $\frac{1}{2}$ of southwest $\frac{1}{4}$ of section 32, township 18, range 3 west, in said county, and to cancel said trust deed. This deed of trust had been executed by A. C. Craig to A. C. Leigh, trustee, to secure L. H. Jones a large sum of money, and, the condition of the trust deed having been broken, a sale of the property was about to 'be made thereunder. A. C. Craig acquired his interest in said tract of land which he conveyed in the deed of trust to Leigh as trustee for Jones by a purchase of it from Burroughs, who was to make a deed to Craig when he fully paid for the land. Craig, in his contract with Burroughs for the purchase of said tract of land, agreed within one year from the date of purchase (October 25, 1895) to deaden a reasonable amount of timber, and improve the place with suitable buildings; and having paid $50 cash on the purchase price, he stipulated to pay $500 in four equal annual installments, and that, if he failed so to do punctually at the time limited, Burroughs should have the right to declare the contract null and void, in which case Craig was to forfeit all the payments made by him, and the value of all improvements done on the premises. A further stipulation was that no assignment of the premises by Craig should be valid unless the assignment be indorsed on said contract, or attached thereto; and the bill alleges that the deed of trust of Craig to Leigh was not indorsed on said contract or attached thereto. Craig took possession of the premises and improved them in value by clearing and building upon them from $550 to about $1,500. He also paid on the nineteeth of November, 1896, the first installment of the purchase money, some twenty-five days after it was due. It further appears from the record that on the twenty-first day of February, 1899, Burroughs gave notice to Craig that, unless the contract between them, in relation to said premises, should be fulfilled within three days, he would declare it void. In this condition of the matter, Craig executed the deed of trust sought to be canceled,

the bill being for this purpose based upon the idea that Burroughs' notice to Craig, of the twenty-first of February, 1899, had annulled the purchase of the land by Craig, and that, in consequence, the interest of Jones and Leigh in said property had determined; and yet Craig is not made a party to the bill.

Craig, we think, is a necessary party to the proceedings. His rights under his contract of purchase cannot be adjudicated in a proceeding to which he is not a party. Jones succeeded to Craig's interest in the property, and in the solution of that question Craig should be heard. It is admitted that since the suit began Craig has tendered to Burroughs all the purchase money due for the tract of land, and has demanded a deed for it, and that he has pending in the chancery court of Sunflower county a bill against Burroughs for a specific performance of said contract, then the deed of trust made to Leigh will be a valid security upon the premises; and this demonstrates the necessity of having Craig made a party to any proceeding which is to settle the rights of all the parties to this controversy. See 15 Enc. Pl. & Prac., 584, and notes; *Lemmon* v. *Dunn*, 61 Miss., 210. We express no opinion upon the question of forfeiture insisted upon by Burroughs, for until Craig is made a party, such matter should not be determined. We think the chancellor should have permitted complainant to amend his bill by making Craig a party thereto, if he so desires; otherwise, to dismiss his bill. In order that Burroughs may amend his bill, if he wishes to do so, the decree of dismissal is reversed, the injunction is restored, and leave given to complainant to amend his bill within thirty days after the filing of the mandate in the court below.

After the delivery of the foregoing opinion, the following suggestion of error was filed by *Baker & Moody*, attorneys for appellee.

We desire to call your honors' attention to the fact that

the defendants, both in their answer and motion to dissolve the injunction, insisted that the complainant (appellant) was not entitled to the relief sought, for the reason that A. C. Craig had not been made a party defendant. It was earnestly insisted in the court below that Craig was a necessary party to the proceeding, and that his rights under the contract of purchase could not be adjudicated in a proceeding to which he was not a party, and that, inasmuch as the appellants succeeded to Craig's interest in the property, he (Craig) should be heard in the solution of the question. This very point was made one of the grounds of the motion to dissolve the injunction, so the appellant cannot claim to have been taken by surprise. Notwithstanding this is true, the complainant (appellant) never at any stage of the proceedings asked leave of the court below to amend by making Craig a party. An examination of the record will bear us out on this point. The court below never refused the complainant (appellant) leave to so amend, for the simple reason that no such leave was ever asked. Your honors, in the opinion in which error is suggested, hold that Craig is a necessary party, and that, unless he is made a party defendant, the bill should be dismissed. As leave to make Craig a party was never refused, because permission so to do was not asked, it is clear that there was no error in the action of the court below in dismissing complainant's (appellant's) bill, unless because it did not, of its own motion, order or suggest that such amendment be made, the failure to do which was error. The propriety of a court ordering or suggesting that an amendment be made has been denied altogether in some jurisdictions, while in others such action has been affirmed; yet in no jurisdiction has it ever been held that the failure to do so can be assigned as error. On this point we call your honors' attention to the text in 1 Enc. Pl. & Prac., 636*c*, which we quote in full: "*Suggestion by the Court.*—While it has been held not to be the duty or within the province of the court to make, suggest or order amendments *sua sponte*, but only upon application, there

are authorities affirming the propriety of such a course.'' *Vide,* also, cases cited.

We think we have made it perfectly clear that there was no error made by the court below in dismissing the complainant's bill, and being none, it seems to us equally clear that this court has erred in reversing the case. The case is not reversed because of the action of the court below, for the opinion itself says that unless Craig is made a party, the bill should be dismissed. The lower court's action therefore was correct. Craig was not a party, nor was leave to make him one refused, because no such leave was asked. The court below could not make him a party of its own motion, or if it could the failure so to do was not error. Upon what theory, then, is this case reversed? We recognize the rule that where an appellate court reverses the decision of the lower court it is not uncommon to direct the latter to allow amendments, but we insist it is not the practice to reverse a judgment when no error is found therein, simply to give a party an opportunity to make amendments which he did not ask for in the course of the proceedings. In some of the states the rule is to the contrary, but it is so because the statute expressly confers such power upon the court. We call your attention on this point to 1 Enc. Pl. & Prac., pp. 617, 618, and cases cited.

In conclusion, we desire to call your honors' attention to this consideration. The defendants (appellees) had not the right to amend the complainant's (appellant's) bill. All they could do was to raise the point—bring it before the attention of complainant and the court—and if an amendment was necessary let the complainant do it. They were not negligent, and yet, because the complainant did not see proper to ask that the amendment be made, they must be mulcted in the costs of this appeal. It seems to us, therefore, that inasmuch as there was no error in the action of the court below, the judgment should be affirmed.

TERRAL, J., delivered the opinion of the court in response to the suggestion of error.

If appellant should have had opportunity in the court below to amend his bill, and had refused or neglected to do so, we should affirm the decree. But the case was decided in the court below upon its merits, and without any suspicion on the part of the plaintiff that there was defect of parties. We here, on appeal, refuse to consider his case upon its merits or to review the decision of the chancellor because we think all necessary parties have not been brought before the court. It would be unfair to the plaintiff to turn him out of court without an opportunity to present his case upon its merits, when a decision upon its merits is first refused for want of necessary parties in the appellate court.

*The suggestion of error is overruled.*