CALCOTE *v.* WISE, et al.

Dec. 14, 1953

No. 39018          46 Adv. S. 16          68 So. 2d 477

*Noble & Noble,* Brookhaven, for appellant.

*Armstrong & Hoffman,* Hazlehurst, for appellees.

274

Holmes, J.

This is an appeal from an interlocutory decree of the Chancery Court of Lincoln County sustaining a special demurrer to the original bill on the ground of non-joinder of necessary parties.

The original bill was filed by Mrs. Emma Calcote, guardian of Mrs. Minnie Calcote Smith, a non compos mentis, and named as defendants thereto J. D. Wise, R. V. Wise, F. Andre Wise, J. D. Wise, Jr., C. E. Day, B. F. Banahan, and the Texas Company, a corporation. During the course of the litigation, the said Mrs. Emma Calcote died, and the cause was revived as to the complainant in the name of Fred Calcote, guardian of Mrs. Minnie Calcote Smith, a non compos mentis.

The material allegations of the bill are as follows: That on March 21, 1939, the said Mrs. Minnie Calcote Smith was the owner in fee simple of an undivided one-fourth interest in certain land in Lincoln County containing 352 acres, more or less, and particularly described in the bill of complaint; that on the same day, March 21, 1939, the said Mrs. Minnie Calcote Smith, joined in by W. S. Calcote, Nellie Belle Calcote, Miss Bessie Calcote, Mrs. Mattie Calcote Woolley, and Edgar Woolley, cotenants of the said Mrs. Smith in said property and the owners of the other undivided three-fourths interest therein, executed a mineral deed and royalty transfer purporting to convey to J. D. Wise an undivided one-half interest in and to all of the oil, gas, and other minerals in said land, which instrument, omitting the acknowledgments thereto and the particular description of the land therein, is as follows:

"MINERAL DEED AND ROYALTY TRANSFER
(To undivided Interest)

"The State of Mississippi,

"County of Lincoln

"Know All Men by These Presents:

"That Willie S. Calcote and Mrs. Nellie Belle Calcote and Edgar Wooley and Mrs. Mattie Calcote Wooley and Miss Bessie Calcote and Mrs. Minnie Calcote Smith of Lincoln County, State of Mississippi, hereinafter called grantor (whether one or more and referred to in the singular number and masculine gender), for and in consideration of the sum of One Hundred Seventy Six & 00/100 Dollars, paid by J. D. Wise, Hazlehurst, Mississippi, hereinafter called grantee, the receipt of which is hereby acknowledged, has granted, sold and conveyed and by these presents does grant, sell and convey unto said grantee an undivided One Half (½) interest in and to all of the oil, gas and other minerals of every kind and character in, on or under that certain tract or parcel of land situated in the County of Lincoln, State of Mississippi, and described as follows:

. . . . . .

"To HAVE AND TO HOLD the said undivided interest in all of the said oil, gas and other minerals in, on and under said land together with all and singular the rights and appurtenances thereto in any wise belonging, with the right of ingress and egress, and possession at all times for the purpose of mining, drilling and operating for said minerals and the maintenance of facilities and means necessary or convenient for producing, treating and transporting such minerals and for housing and boarding employees, unto said grantee, his heirs, successors and assigns, forever; and grantor herein for himself and his heirs, executors and administrators hereby agrees to warrant and forever defend all and singular the said interest in said minerals, unto the said grantee, his heirs, succes-

sors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"This conveyance is made subject to any valid and subsisting oil, gas or other mineral lease or leases on said land, including also any mineral lease, if any, heretofore made or being contemporaneously made from grantor to grantee; but, for the same consideration hereinabove mentioned, grantor has sold, transferred, assigned and conveyed and by these presents does sell, transfer, assign, and convey unto grantee, his heirs, successors and assigns, the same undivided interest (as the undivided interest hereinabove conveyed in the oil, gas and other minerals in said land) in all the rights, rentals, royalties and other benefits accruing or to accrue under said lease or leases from the above described land; to have and to hold unto grantee, his heirs, successors and assigns.

"Witness the signatures of the grantors this 21 day of March, 1939.

"Witnesses    Mrs. Minnie Calcote Smith
 Mrs. W. J. Durr   W. S. Calcote
 W. A. Calcote    Nellie Belle Calcote
          Her
      Miss Bessie X Calcote
         Mark
      Mrs. Mattie Calcote Woolley
      Edgar Woolley"

The original bill further alleged that on the 3rd day of April, 1939, the said Mrs. Smith was legally adjudged insane and was committed to the Mississippi State Hospital at Whitfield, where she has continuously remained a patient since the said date; that on the date of the execution of the aforesaid mineral conveyance, namely March 21, 1939, the said Mrs. Smith was insane and wholly incapable of understanding and appreciating the nature of the aforesaid conveyance, and that said conveyance in so far as it affects the mineral interest of the

said Mrs. Smith is null and void and should be annulled and set aside; that subsequent to the execution of the said mineral conveyance to the said J. D. Wise, the defendants, other than the said J. D. Wise, obtained conveyances of mineral interests through the said J. D. Wise and that all such conveyances are null and void and should be cancelled and annulled because of the mental incapacity of the said Mrs. Smith at the time of her execution of the original conveyance to the said J. D. Wise. The original bill prayed that the said mineral conveyance to the said J. D. Wise, and all subsequent conveyances by the said J. D. Wise and his successive grantees, be cancelled, annulled and set aside in so far as the same affect the aforesaid mineral interest of the said Mrs. Smith in said land.

The defendants, J. D. Wise, R. V. Wise, F. Andre Wise, J. D. Wise, Jr., and C. E. Day, by leave of the court asked and granted, filed a special demurrer to the original bill on the ground that the co-grantors of the said Mrs. Smith in the aforesaid mineral conveyance to J. D. Wise dated March 21, 1939, were necessary parties to the suit and had not been joined therein. It was this special demurrer which the court sustained and it is from the decree of the court sustaining said demurrer that this appeal is prosecuted.

The sole question here presented is whether or not Mrs. Smith's co-grantors in the mineral conveyance to J. D. Wise are necessary and indispensable parties to this proceeding. The solution of this question makes pertinent a reference to certain general rules governing parties to a suit. ▆▆▆ It is a generally recognized rule that one against whom no relief is sought or from whom no relief should be granted is not a necessary and indispensable party.

In Griffith's Mississippi Chancery Practice, 2nd Ed., Sec. 58, we find the following: ▆▆▆ "And not only is it evident that the complainant must state all the material

facts as facts which constitute his cause of action but it is manifest also that he should and must state the relief which he prays that the court will award him thereunder; and since obviously it is an essential of relief that there be some person or persons against whom that relief is prayed, he must name in his bill the party or parties whom he calls on to defend, that is to say he must name those who are the adversary parties,—called the defendants; and obviously he must state the extent of the relief which he demands for the defendant or defendants might be willing that he have one kind of relief and entirely unwilling that he have relief of another sort, although under much the same state of facts. ██ *It is equally manifest that in calling a defendant into a case, the complainant must show that he, the complainant, has at the time a cause of action not against some person or persons but that he has it against the very person or persons whom he calls on to defend, for obviously he has no business to harass a party against whom he has no case, and to state a case against some person* who is not made a party is of no avail because no court will proceed against any man until he has been brought legally into court and has had a legal opportunity to be heard,—consonant to fundamental essentials of procedure.'' (Emphasis ours.)

Again in Griffith's Chancery, Sec. 143, under the heading, ''There must not be included as defendants those against whom no liability is shown,'' the following is stated: ''It is therefore in a slight measure true that there is a wider latitude allowed in the joinder of defendants than of complainants, the fact being that often the subject matter of the suit is determined by the frame and scope of the bill as concerns those made defendants thereto. ██ It is always true nevertheless that all necessary parties must be brought in, and when not complainants they must be made defendants, so that it will seldom be found possible to so frame a bill or cast its scope as to avoid making as necessary parties defendant all

280

those who are jointly liable ■■ or whose liability is one of unity or concurrence in interest; *but on the other hand whatever be the purported scope of the bill it must not bring before the court parties against whom no liability is shown,* or those who are not shown to be in any way interested in the suit, in the effort to find some among them who may be liable." (Emphasis ours.)

In 67 C. J. S., under the title "Parties," Sec. 42, page 965, appears the following: " * * * ■■ in every proceeding of a judicial nature at common law, *the persons who must be joined as parties defendant are those and those only who have an interest in the subject matter of the proceeding and whose rights may be concluded by the judgment.* So, all persons against whom relief is sought should be joined as parties. Conversely a person who has no interest in the subject matter or whose presence is not essential to a complete settlement of the questions involved and whose rights will not be affected by the decree is not a necessary party. *Accordingly, it has been held that it is not necessary to make anyone a party against whom complainant does not ask and is not entitled to any relief."* (Emphasis ours.)

In Banks v. Phillips, 71 Miss. 51, 15 So. 29, the Court said: "No one should be made a party defendant against whom no relief is prayed or grantable."

In Griffith's Chancery, (2nd Ed.), Sec. 102, under the title "Parties" is found a statement of the general rule in equity as to parties as follows: " * * * ■■ The general rule in equity as to parties * * * is thus expressed: all persons who are materially interested legally or equitably in the subject matter of the suit ought to be made parties therein either as complainants or as defendants. And of course the converse is equally controlling, that is, that persons wholly without material interest in the suit should not be made parties."

■■ In Griffith's Chancery, (2nd Ed.), Sec. 104, under the title "Parties," appears a statement of what is meant

by the term "subject matter." The statement is as follows: "And in the second place we must consider also, and very carefully too, as to what is meant to be included in the term, the subject matter of the suit. The term does not always, or even the more often, mean the property involved in the suit, but more nearly expressed it refers to the merits of the suit, viewed in the light of its objects and the scope that it proposes to include. Thus, in a suit to set aside a fraudulent conveyance of land, the land is not the subject matter of the suit, but it is the fraudulent conveyance and the issues that it of itself produces; so that the holder of a lien placed on the land prior to the fraudulent conveyance is not a necessary or a proper party to the suit."

In 9 Am. Jur., Sec. 55, under the title "Cancellation of Instruments," the following is stated: "It is only when the rights in the instrument of those before the court are completely separable from the rights of those who are absent that the latter are not indispensable parties to an action to cancel or rescind a contract or written instrument. It has been held that one tenant in common may sue in such an action without joining his contenant as each has a separate and distinct freehold. So also if two out of three of the apparent makers of a joint note seek to have it cancelled on the ground that their signatures thereto were forged, the legal representatives of the third maker since deceased are proper but not necessary parties * * *. Nor is one of two heirs to an estate an indispensable party to a suit by the other to set aside the decedent's will and deed on the ground of fraud."

In the case of Ellesworth v. McCoy, 22 S. E. 39, 95 Ga. 44, it was held that all the heirs of the grantee need not be joined, where the relief sought is only that the deed be cancelled as to the interest of those who are actually made defendants, the several interests of the heirs not being inter-dependent.

■■■ In 39 Am. Jur., page 904, the rule is laid down that the holding of a mere *consequential* interest does not necessarily make one a necessary or indispensable party. The text reads: "The expression that all persons interested in the subject matter must be party to the suit is not to be understood as extending to all persons who may be consequentially interested, ■■ and care must be taken not to join as defendants persons who are shown to have distinctly diverse rights or interest; in such case objection will lie on the ground of multifariousness * * * *no one need or should be made a party defendant against whom no relief is sought or who has no interest in or connection with the controversy and will not be affected by the decree rendered, nor need one be made a party against whom, if the case is brought to hearing, the plaintiff can have no decree."* (Emphasis ours.)

■■■ In Lemmon, et al. v. Dunn, et al., 61 Miss. 210, the rule is recognized "that the court will not require a party to be brought into the suit merely to enable the defendant to exhibit a cross-bill against him."

■■■ Applying the rules as announced in the foregoing authorities, we have reached the conclusion that the co-grantors of the said Mrs. Smith in the original mineral conveyance to J. D. Wise were not necessary and indispensable parties to this proceeding. The complainant sought the cancellation of the instrument only in so far as the same affected her mineral interest in the land. She was a cotenant in the land with her co-grantors in the mineral conveyance and the several interests of the several cotenants were not interdependent, but were separate and distinct. The complainant sought no relief as against the co-grantors, and in fact was entitled to no relief as against them, and, therefore, no relief was grantable as against them. In so far as the merits of the suit is concerned and the scope, object, and purposes of the original bill are concerned, the said co-grantors in the original mineral conveyance have no interest in the sub-

ject matter of the suit. It is argued by the appellees, however, that since the co-grantors own an undivided three-fourths interest in the minerals, they possess such mineral interest as is sufficient to vest in the grantee, J. D. Wise, an undivided one-half interest in the minerals even though said conveyance be cancelled in so far as it affects the mineral interest of the said Mrs. Smith, and that, therefore, if Mrs. Smith prevails in this suit, the other grantors will be thereby affected since they will be required under their warranty to vest in the grantee in said conveyance greater mineral interest from their ownership than was contemplated when they executed the deed. ██ ██ If such result should follow, however, it does not establish in said co-grantors a present interest in the subject matter of this suit but establishes in them merely a consequential interest, and they are, therefore, not to be rendered necessary and indispensable parties to this proceeding.

In the present case, the complainant in this suit has no claim or cause of action against her co-grantors in the mineral conveyance, and seeks no relief or decree against them and is entitled to no relief as against them, and if a decree granting the prayer of the complainant's bill be rendered in this cause, the said co-grantors will not be precluded thereby from the assertion of any rights which they may have under said conveyance. No purpose could be subserved by making the said co-grantors parties to this proceeding other than to enable the other defendants to exhibit a cross-bill against them, and this Court, in the case of Lemmon, et al. v. Dunn, et al., 61 Miss. 210, has declared it to be the rule that the court will not require a party to be brought into the suit merely to enable the defendant to exhibit a cross-bill against him.

We are accordingly of the opinion that the co-grantors of Mrs. Smith in the mineral conveyance in question are not necessary and indispensable parties to this proceeding, and that the special demurrer to the original bill .

should have been overruled. The decree sustaining the demurrer is, therefore, reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.