FIRST NATIONAL BANK OF JACKSON *v.* GRAHAM

No. 42150          February 5, 1962          137 So. 2d 193

*William V. Murry,* Hattiesburg, for appellant.

*McFarland & McFarland,* Bay Springs, for appellee.

McElroy, J.

This cause originated in the Circuit Court of the Second Judicial District of Jasper County, Mississippi. The appellant, First National Bank of Jackson, filed suit against the appellee, J. T. Graham, seeking to recover the balance due on certain notes. Appellee filed a "motion to join necessary party" and stated therein that the notes sued on were secured by a deed of trust which had not been foreclosed; that the Jones County Cooperative Association (AAL) handled the transaction involving 7,000 chickens; that the Jones County Cooperative Association (AAL) was involved in the transaction from its inception and would assume ten percent of the losses, if any; that appellee had a meritorious defense but could not assert his defense unless the Jones County Cooperative Association (AAL) is brought in as a party.

A hearing was had on the motion and the substance of the testimony was that the deed of trust securing the notes embraced 7,000 laying hens, and that there was some kind of egg financing and marketing agreement between Graham and Jones County Cooperative Association (AAL). This contract was not introduced but it appears that the Jones County Cooperative Association (AAL) purchased the eggs produced by the chickens. At sometime prior to the filing of this suit, Jones County Cooperative Association (AAL) sent a truck to appellee's farm and picked up the chickens secured by the deed of trust and sold them at private sale. The former manager of the Jones County Cooperative Association (AAL) testified that he did so in accordance with a written agreement signed by appellee, appellant, and Jones County Cooperative Association (AAL). This purported agreement was introduced in the record and authorized the Cooperative to take possession of the flock of chickens and make private sale of said chickens, to obtain the best price possible and apply the proceeds on the notes appellee owed appellant. The former manager testified that this was done. Appellee denied he signed the agreement.

At the conclusion of the hearing, the court sustained a motion to require the bank to amend its declaration so as to bring in as a party the Jones County Cooperative Association (AAL), and if it did not do so within ten days the case would stand dismissed without prejudice. No amendment was made by appellant and the case stood dismissed. Appellant then prosecuted this appeal.

Appellant assigns as error the action of the lower court in sustaining the motion and dismissing the case upon the refusal of appellant to amend its declaration so as to make the Jones County Cooperative Association (AAL) a party defendant. The question of necessary parties was dealt with at great length in the case

of Calcote v. Wise, et al., 219 Miss. 270, 68 So.2d 477. In that case, it was held:

"One against whom no relief is sought or from whom no relief should be granted is not a 'necessary and indispensable party' to suit. . . . .

"All necessary parties to a suit in equity must be brought in either as complainants or defendants, but parties against whom no liability is shown or those who are not shown to be in any way interested in suit may not be brought before the court in an effort to find one among them who may be liable. . . .

"In every proceeding of a judicial nature at common law, it is necessary to join as parties defendant only those persons who have an interest in the subject matter of the proceeding and whose rights may be concluded by the judgment, and a person who has no interest in the subject matter or whose presence is not essential to a complete settlement of the questions involved and whose rights will not be affected by a judgment is not a necessary party."

■■■ We are unable to find any reason for requiring appellant to amend its declaration so as to make the Jones County Cooperative Association (AAL) a party defendant. The Bank is not seeking to recover anything from said Cooperative and nothing in the proof indicates that said Cooperative is either a necessary or a proper party. We have examined the brief of appellee and no authority whatever has been cited to sustain the lower court's action in dismissing this suit.

■■■ The motion to dismiss the appeal on the ground that the order of the lower court was not a final judgment should be and the same is hereby overruled. Appellant was out of court; its suit was dismissed, and the fact that the case was dismissed without prejudice does not prevent the judgment from being a final judgment.

Solomon v. Continental Baking Company, 174 Miss. 890, 165 So. 607.

Reversed and remanded.

*Lee, P.J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.